IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEMANCE BEASLEY )
 )
    v. ) NO: 3:16-3010
 )
BRUCE WESTBROOKS, et al. )

TO: Honorable Laurie J. Michelson, District Judge

# REPORT AND RECOMMENDATION

By Order entered December 20, 2016 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff has filed a motion for a preliminary injunction and temporary restraining order (Docket Entry No. 49), to which Defendants have responded in opposition. See Docket Entry No. 51. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be denied.

## I. BACKGROUND

Demance Beasley ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on November 21, 2016, against several prison officials seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the RMSI.

Upon initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed all claims and defendants except for claims of unconstitutional retaliation brought against former RMSI Warden Bruce Westbrooks ("Westbrooks") and RMSI Correctional Corporal Brandi McClure ("McClure"). *See* Memorandum and Order entered December 20, 2016 (Docket Entry Nos. 5 & 6). Plaintiff alleges that, on or about July 15, 2016, Defendant Westbrooks directed that he be taken to segregation after a verbal altercation occurred with Westbrooks about writing on Plaintiff's cell door. Plaintiff alleges that Defendant McClure retaliated against him by issuing him a disciplinary infraction for defiance after he complained to McClure about his prison grievances not being processed. Defendants have answered the Complaint and a scheduling order has been entered. *See* Docket Entry Nos. 27 and 28. Both Defendants have filed dispositive motions which are pending before the Court. *See* Defendant Westbrooks' motion for judgment on the pleadings (Docket Entry No. 32) and Defendant McClure's motion for summary judgment (Docket Entry No. 42).

## II. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

In his motion, Plaintiff complains about recent events at the RMSI: his cell has been searched and documents have been stolen; his mail has not been sent out or delivered to him; he has had problems having copies made by prison staff; he has been having limited access to legal materials, legal assistants, and the RMSI law library; and he has been issued a disciplinary report. He contends that these actions are examples of an effort by prison officials to purposeful hinder his ability to litigate this lawsuit and to respond to Defendants' pending motions. Plaintiff implicates Defendants' counsel in the events, contending that she directed prison officials to not return to him

2

documents that had been sent for copying. Plaintiff asserts that he has suffered stress and depression because of "all of the threats, harassment, and intimidation that has arisen pertaining to [the lawsuit]." *See* Docket Entry No. 49 at 5. Plaintiff seeks an order directing Defendants' counsel and seven RMSI officials, and "all others" acting in concert with these individuals, from harassing, threatening, intimidating, and hindering his pursuit of this lawsuit and his legal claims. *Id*. at 6.

Defendants have filed a response opposing the motion, contending that the Court lacks personal jurisdiction over the individuals sought to be enjoined and that Plaintiff has not established the elements necessary to grant a temporary restraining order or preliminary injunction. *See* Docket Entry No. 51. Through her affidavit, Charlotte Davis, counsel of record for Defendants, testifies that she has never directed anyone to steal Plaintiff's documents, but, in fact, she attempted to assist Plaintiff in the process of having documents copied at the RMSI. *See* Docket Entry No. 52.

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

Plaintiff's motion for preliminary injunctive relief should be denied. Initially, the undersigned notes that the requested relief is unrelated to the two narrow claims at issue in this action. A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). This link is lacking. Additionally, injunctive relief generally cannot be directed at individuals who are not defendants in the present action. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties).

Finally, Plaintiff has not met his burden for preliminary injunctive relief he seeks. He has not shown a strong or substantial likelihood of success on the merits of his claims. He has also not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The record clearly demonstrates that Plaintiff has been able to make multiple filings in the action and has been able to adequately prosecute his claims. The Court, by separate order, has also extended additional time to Plaintiff to respond to Defendants' pending motions. *See* Docket Entry No. 55. The balancing of harms required by the third factor does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Further still, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

# R E C O M M E N D A T I O N

For the reasons stated, the Court respectfully RECOMMENDS that Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry No. 49) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge