IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEMANCE BEASLEY )
)
v. ) NO: 3:16-3010
)
BRUCE WESTBROOKS, et al. )

TO: Honorable Laurie J. Michelson, District Judge

**R E P O R T  A N D  R E C O M M E N D A T I O N**

By Order entered December 20, 2016 (Docket Entry No. 5), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court are a motion for judgment on the pleadings filed by Defendant Bruce Westbrooks (Docket Entry No. 32) and a motion for summary judgment filed by Defendant Brandi McClure (Docket Entry No. 42). For the reasons set out below, the undersigned respectfully recommends that the motions be granted and this action be dismissed.

**I. BACKGROUND**

Demance Beasley ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on November 21, 2016, against several prison officials. He seeks relief under 42 U.S.C. § 1983 for violations of his

constitutional rights alleged to have been committed at the RMSI. Upon initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed all claims and defendants except for claims of unconstitutional retaliation brought against former RMSI Warden Bruce Westbrooks ("Westbrooks") and RMSI Correctional Corporal Brandi McClure ("McClure"). *See* Memorandum and Order entered December 20, 2016 (Docket Entry Nos. 5 & 6).[1] After Defendants filed a joint answer, a scheduling order was entered setting out deadlines for pretrial activity in the action. *See* Docket Entry Nos. 27 and 28. A jury trial is demanded.

The underlying factual allegations against Defendants Westbrooks and McClure are summarized as follows. Plaintiff alleges that, on July 13, 2016, Westbrooks was passing Plaintiff's cell during cell inspections and commented on something that had been written on Plaintiff's cell door. *See* Complaint (Docket Entry No. 1) at 6. After Plaintiff explained that the writing was there before he moved into the cell, Westbrooks told RMSI Correctional Officer De'Niece Bah to give Plaintiff some paint so he could re-paint the door. *Id.* Plaintiff alleges that Officer Bah falsely told Westbrooks that Plaintiff was a gang member and had written on the door, and that Westbrooks and Bah subsequently came back to Plaintiff's cell to take pictures of the writing on the door. *Id.* Two days later, Plaintiff received a disciplinary write-up for possession of gang-related material based upon the writing on the door. *Id.* at 8.[2] Plaintiff alleges that although there were five letters written on the door, Officer Bah had taken pictures of only two of the letters and sent the pictures to RMSI

---

[1] The dismissed claims included retaliation claims against other prison officials, due process claims, claims based upon the prison grievance process, and claims for emotional distress and cruel and unusual punishment. *See* Docket Entry No. 6 at 7-12.

[2] The Court notes that pages 7-9 of the Complaint are not in the correct order.

Security Threat Group ("STG") Coordinator Cpl. Dish, who deemed the letters to be gang related. *Id*.

Plaintiff asserts that, on July 15, 2016, Westbrooks noticed that the writing was still on the cell door and became irate. *Id*. Plaintiff alleges that Westbrooks stated how much disdain he had for "Black Gang Members" and proceeded to take out his ink pen and write a derogatory statement on the door. *Id*. Plaintiff asserts that after he told Westbrooks that his behavior was very unprofessional, Westbrooks became even more irate and told Plaintiff to clean the door. *Id*. Plaintiff contends that he told Westbrooks that he would not clean the writing off because Westbrooks' behavior was "disrespectful, racist and unethical." *Id*. Plaintiff alleges that Westbrooks then retaliated against him by ordering that he be taken to segregation. *Id*. Plaintiff alleges that prison officials tried to wrongfully increase his custody-level points during a reclassification hearing on July 18, 2016, in order to justify his transfer to segregation, and that he was then found guilty of the infraction after a disciplinary hearing on July 21, 2016, a hearing in which he asserts that his due process rights and his rights under TDOC's Uniform Disciplinary Procedures Policy were violated. *Id*. He contends that he was thereafter not permitted to appeal the disciplinary conviction. *Id*. at 7.

Plaintiff asserts that he attempted to object to these events and other events through prison grievances but that his grievances were either lost, sent back, or not processed correctly. *Id*. He alleges that he asked McClure, who was the RMSI Grievance Chairperson, about his grievances, prompting her to state that she "didn't care" and to issue a disciplinary infraction against him for the charge of defiance. *Id*. Plaintiff alleges that he was convicted of the disciplinary charge despite not receiving a copy of the infraction and not being present at the hearing. *Id*.

Plaintiff was apparently reclassified to maximum security as a result of the disciplinary convictions, and he complains about the restrictive living conditions that accompany the increased custody level. He requests that his classification points be recalculated and his custody level reduced, that the two disciplinary convictions be expunged from his prison record, and that he be awarded $75,000.00 in damages. *Id*. at 10.

## II. DEFENDANT WESTBROOKS' MOTION

Defendant Westbrooks seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. He contends that the allegations made by Plaintiff are not sufficient to support a claim that Westbrooks retaliated against Plaintiff in violation of his constitutional rights. Specifically, Westbrooks argues that Plaintiff's allegations do not show that he engaged in protected speech or show that the alleged retaliatory conduct of Westbrooks was motivated by Plaintiff's protected conduct, both of which are necessary showings for a constitutional retaliation claim. *See* Docket Entry No. 32 at 3-6.

A motion for judgment on the pleadings under Rule 12(c) "is appropriately granted 'when no material issue of fact exists and the party is entitled to judgment as a matter of law.'" *See Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). In making this determination, the Court utilizes the standards applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain sufficient facts for the court "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept as true the well-pleaded allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987).

Although the Court is required to liberally construe the *pro se* pleadings, this does not require the Court to apply a more lenient application of the substantive law. *See Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)); *Lyons v. Thompson*, 2006 WL 463111 at *4 (E.D. Tenn. Feb. 24, 2006). Further, legal conclusions couched as factual allegations need not be accepted as true, nor are mere recitations of the elements of a cause of action sufficient to support a claim for relief. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Defendant Westbrooks' motion should be granted. At its core, Plaintiff's claim of retaliation against Westbrooks is based on only the following allegations: 1) Plaintiff and Westbrooks had a verbal altercation outside his cell; 2) Westbrooks wrote a derogatory comment on Plaintiff's cell door and made derogatory comments to Plaintiff, actions to which Plaintiff expressed his objection; 3) Plaintiff was told to clean the cell door, which he refused to do; and, 4) Plaintiff was taken to segregation and issued a disciplinary charge, of which he was later convicted, at the directive of Westbrooks because Westbrooks was mad at Plaintiff due to the altercation. Even if taken as true, these allegations simply do not support a plausible claim of unconstitutional retaliation.

Initially, in reviewing Plaintiff's allegations, the Court takes heed of the well-accepted principle that the management of prison facilities is best left to prison officials. *See O'Lone v. Estate*

*of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Bell v. Wolfish*, 441 U.S. 520, 546-47, 99 S.Ct. 1861, 99 S.Ct. 1861 (1979). The daily operation of a prison facility requires constant and vigilant attention to issues of security, good order, and discipline, and the discretion of how to deal with these and other related issues is best left to the expertise of prison officials. *See Thornburgh v. Abbott*, 490 U.S. 401, 404-08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). Further, prison inmates cannot be permitted to decide which orders they will obey, and when they will not obey them. *See Caldwell v. Moore*, 968 F.2d 595, 601 (6th Cir. 1992).

Plaintiff's allegations fail to show that he was subjected to retaliation because of engaging in a constitutionally protected activity of any kind. The First Amendment is not implicated merely because a prisoner engages in a verbal altercation with prison officials, and the petty exchange of insults between a prisoner and prison official rarely amounts to a constitutional tort. *See Owens v. Johnson*, 221 F.3d 1335 (6th Cir. 2000); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). In the absence of allegations that the purported retaliation was linked to the exercise of a specifically protected constitutional right, Plaintiff must set forth allegations that would support a claim that he was subjected to "an egregious abuse of governmental power" or "behavior that shocks the conscience." *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999). There are simply no allegations in Plaintiff's Complaint that rise to the level of this demanding standard. Additionally, Plaintiff's own allegations indicate that he was convicted of the disciplinary report that arose from the writing on his cell door, a report which supported his placement in segregation. In the face of this disciplinary conviction, his claim of retaliation must fail. *See Jackson v. Madery*, 158 Fed.App'x 656, 662 (6th Cir. 2005) (a finding of

guilt as to a prison disciplinary charge based upon some evidence of a violation of prison rules "essentially checkmates [a] retaliation claim.").

In his response to Defendant Westbrooks' motion, Plaintiff for the first time alleges that Westbrooks acted in retaliation against Plaintiff because of prison grievances Plaintiff had filed prior to the incident in question. *See* Plaintiff's response in opposition (Docket Entry No. 64). While a prisoner cannot be retaliated against because he has filed a prison grievance, *Herron*, 203 F.3d at 415, Plaintiff's actual Complaint contains no allegations linking the alleged retaliatory conduct of Westbrooks to the prior filing of grievances by Plaintiff. A plaintiff may not change his claims by adding new factual allegations as a part of his response in opposition to a motion seeking dismissal of his claims. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853 at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Finally, Plaintiff's allegation that Defendant Westbrooks directed subordinates at the RMSI to take retaliatory actions against him because of his grievances is conclusory and, thus, fails to support a plausible claim. *El-Shabazz v. Shands*, 23 Fed.App'x 402, 405 (6th Cir. 2001) (a prisoner's conclusory allegations are insufficient to show that prison official was motivated by prisoner's exercise of his First Amendment rights).

## IV. DEFENDANT McCLURE'S MOTION

Defendant McClure seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure. She contends that Plaintiff was found guilty of the disciplinary charge at issue in his claim against her, thus, he cannot bring a claim of retaliation based upon the issuance of that charge.

7

*See* Memorandum in Support (Docket Entry No. 43) at 7-8. McClure further argues that Plaintiff's allegations regarding her handling of his prison grievances simply fail to support a constitutional claim of retaliation because there is no evidence that Plaintiff suffered an adverse action, no evidence that McClure was motivated by a retaliatory animus, and no evidence that Plaintiff suffered any actual injury due to the alleged mishandling of his grievances. *Id*. at 4-7. In support of her motion, Defendant McClure submits her own affidavit and documents attached thereto (Docket Entry Nos. 46 and 47), the affidavit of De'Niece Bah, the RMSI Disciplinary Chairperson and documents attached thereto (Docket Entry No. 45), and a statement of undisputed facts (Docket Entry No. 44).

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to

support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present affirmative evidence supporting the claims asserted by the party. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003); *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003).

Defendant McClure's motion for summary judgment should be granted because no reasonable jury could find that McClure violated Plaintiff's constitutional rights through retaliation against him based upon the evidence that is before the Court. Plaintiff's own allegations indicate that he was convicted of the disciplinary offense at issue in his retaliation claim against Defendant McClure. This is sufficient to warrant the dismissal of his retaliation claim against McClure. *Jackson supra*. Furthermore, there is no support for a conclusion that Plaintiff was engaged in any kind of protected First Amendment speech that resulted in retaliation against him by McClure. Plaintiff does not allege that McClure's issuance of the disciplinary report was triggered by his filing of an actual grievance against McClure or anyone else. He simply asserts that, when he complained to McClure about how she was handling or processing his grievances, she became upset and wrote a disciplinary report against him for defiance. Much like Plaintiff's claim against Defendant Westbrooks, there is nothing about these events that evidences an egregious abuse of governmental power or behavior that shocks the conscience or that support a specific retaliation claim linked to the exercise of First Amendment rights.[3] Prison officials may acknowledge that an inmate has engaged in protected activity, such as grievance filing, yet still engage in routine prison administrative matters involving the inmate without transforming their actions into unlawful and

---

[3] In the initial review of the Complaint, the Court dismissed any claim brought by Plaintiff to the extent that he alleged that McClure had committed a constitutional tort by her alleged mishandling of Plaintiff's grievances. *See* Docket Entry No. 6 at 11.

unconstitutional conduct. *See Jewell v. Leroux*, 20 Fed.App'x 375, 378 (6th Cir. 2001); *Ward v. Dyke*, 58 F.3d 271(6th Cir. 1995).

Plaintiff has filed a response to the motion for summary judgment, *see* Docket Entry No. 56 and Docket Entry No. 58 at 8-10 and 14-18, but his response does not actually respond to the substance of the motion. Instead, Plaintiff seeks to delay a ruling on the motion for summary judgment. He has also filed two motions to this effect: 1) motion for stay (Docket Entry No. 57); and, 2) motion for extension of time (Docket Entry No. 65). Plaintiff contends that, 1) he has not had an adequate opportunity to obtain materials through discovery that would enable him to create genuine issues of material fact, and, 2) he does not have adequate access to the prison law library or legal assistants to enable him to file a response and has encountered "sabotaged legal copies," "retaliatory cell searches," and "stolen evidence" at the RMSI that has hindered his ability to litigate this case. *See* memorandum support of motion to stay (Docket Entry No. 58) at 3.[4]

The Court finds no merit in Plaintiff's response and no merit in his motions to delay or stay a ruling on the motion for summary judgment. Plaintiff's argument that he is entitled to deferred consideration of the motion, additional time for discovery, or other relief pursuant to Rule 56(d) is wholly unpersuasive. First, Plaintiff's own filings show that he received discovery responses from Defendant McClure. *See* Docket Entry No. 58 at 39-42. *See also* Defendant McClure's response (Docket Entry No. 62). Second, the scheduling order entered in this case provided Plaintiff with a period of time to file a motion to compel discovery from Defendant McClure, a step that Plaintiff

---

[4] Plaintiff also filed a motion for preliminary injunctive relief based upon his allegations of events at the RMSI that he alleged were hindering his ability to litigate this lawsuit and respond to Defendants' pending motions. *See* Docket Entry No. 49. By Report and Recommendation entered September 19, 2017 (Docket Entry No. 60), the undersigned has recommended that motion be denied.

did not take. Third, the stay on discovery entered July 10, 2017 specifically applied only to discovery as it pertained to Defendant Westbrooks and did not apply to Defendant McClure. *See* Docket Entry No. 37. Finally, Plaintiff has not identified a single, specific item of evidence that he has been prevented from obtaining but that he needs to justify his opposition to Defendant McClure's motion for summary judgment. Plaintiff's claim against Defendant McClure fails not because Plaintiff is unable, through no fault of his own, to present evidence in support of the claim. The claim fails because it lacks legal merit even when Plaintiff's factual allegations are viewed in the light most favorable to him.

## R E C O M M E N D A T I O N

For the reasons stated, the undersigned respectfully RECOMMENDS that:

1) Plaintiff's motion for stay (Docket Entry No. 57) and motion for extension of time (Docket Entry No. 65) be DENIED;

2) the motion for judgment on the pleadings filed by Defendant Bruce Westbrooks (Docket Entry No. 32) and the motion for summary judgment filed by Defendant Brandi McClure (Docket Entry No. 42) be GRANTED; and

3) this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge